1  KEVIN V. RYAN (CSBN 118321)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  JOCELYN BURTON (CSBN 135879)
   Assistant United States Attorney
4
5      450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102-3495
       Telephone: (415) 436-7198
6      FAX: (415) 436-6748
       E-mail: jocelyn.burton@usdoj.gov
7
8  Attorneys for Defendant

9              UNITED STATES DISTRICT COURT

10          NORTHERN DISTRICT OF CALIFORNIA

11              SAN FRANCISCO DIVISION

12
   ROBERT MARSHALL and JULIE      )   No. C 04-3215 MEJ
13 REIKKO,                         )
                                   )   ~~STIPULATION AND~~ ORDER OF
14        Plaintiffs,              )   COMPROMISE SETTLEMENT
                                   )
15      v.                         )   AND ORDER TO CLOSE FILE
                                   )
16 UNITED STATES OF AMERICA.       )
                                   )
17        Defendant.               )
   _____     )
                                   )
18
19      IT IS HEREBY STIPULATED by and between plaintiffs Julie Reikko and Robert Marshall,

20 and the United States of America, defendant, by and through their respective attorneys as

   follows:
21
        1. The parties do hereby agree to settle and compromise the above-entitled action under the
22
   terms and conditions set forth herein.
23
        2. The United States of America, defendant, agrees to pay to the plaintiff Julie Reikko the
24
   sum of two hundred fifty thousand dollars and no cents ($250,000.00) and plaintiff Robert
25
   Marshall the sum of two hundred thousand dollars ($200,000.00), which sum shall be in full
26
   settlement and satisfaction of any and all claims, demands, rights, and causes of action of
27
   whatsoever kind and nature, arising from, and by reason of any and all known and unknown,
28

STIPULATION AND ORDER OF COMPROMISE SETTLEMENT
C 04-3215 MEJ

1   foreseen and unforeseen bodily and personal injuries, damage to property and the consequences

2   thereof, resulting, and to result, from the same subject matter that gave rise to the above-

3   captioned lawsuit, including any claims for wrongful death, for which plaintiffs or their heirs,

4   executors, administrators, or assigns, and each of them, now have or may hereafter acquire

5   against the United States of America, its agents, servants, and employees.

6       3.  Plaintiff Julie Reikko and her heirs, executors, administrators or assigns hereby agree to

7   accept the sum of two hundred fifty thousand dollars and no cents ($250,000.00), in full

8   settlement and satisfaction of any and all claims, demands, rights, and causes of action of

9   whatsoever kind and nature, arising from, and by reason of any and all known and unknown,

10  foreseen and unforeseen bodily and personal injuries, damage to property and the consequences

11  thereof which they may have or hereafter acquire against the United States of America, its agents,

12  servants and employees on account of the same subject matter that gave rise to the above-

13  captioned lawsuit, including any future claim for wrongful death.  Plaintiff and her heirs,

14  executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the

15  United States of America, its agents, servants or employees from any and all such causes of

16  action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from

17  further litigation or the prosecution of claims by plaintiff or her heirs, executors, administrators

18  or assigns against any third party or against the United States, including claims for wrongful

19  death.

20      4.  Plaintiff Robert Marshall and his heirs, executors, administrators or assigns hereby agree

21  to accept the sum of two hundred thousand dollars and no cents ($200,000.00), in full settlement

22  and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind

23  and nature, arising from, and by reason of any and all known and unknown, foreseen and

24  unforeseen bodily and personal injuries, damage to property and the consequences thereof which

25  they may have or hereafter acquire against the United States of America, its agents, servants and

26  employees on account of the same subject matter that gave rise to the above-captioned lawsuit,

27  including any future claim for wrongful death.  Plaintiff and his heirs, executors, administrators

28  or assigns further agree to reimburse, indemnify and hold harmless the United States of America,

STIPULATION AND ORDER OF COMPROMISE SETTLEMENT
C 04-3215 MEJ                                          2

its agents, servants or employees from any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiff or his heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death.

5.  This stipulation for compromise settlement shall not constitute an admission of liability or fault on the part of the United States, its agents, servants, or employees,  and is entered into by both parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

6.  This agreement may be pled as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by the agreement.

7.  It is also agreed, by and among the parties, that the settlement amount of two hundred fifty thousand dollars and no cents ($250,000.00) to Julie Reikko and two hundred thousand dollars and no cents ($200,000.00) to Robert Marshall represents the entire amount of the compromise settlement and that the respective parties will each bear their own costs, fees, and expenses and that any attorneys' fees owed by the plaintiffs will be paid out of the settlement amount and not in addition thereto.

8.  It is also understood by and among the parties that, pursuant to Title 28, United States Code, Section 2678, attorneys' fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

9.  Payment of the settlement amount will be made by a checks drawn on the account of the United States Postal Service: a) for two hundred fifty thousand dollars and no cents ($250,000.00) and made payable to Julie Reikko and Cox & Moyer, and b) two hundred thousand dollars and no cents ($200,000.00) and made payable to Robert Marshall and Cox & Moyer.

10.  In consideration of this Agreement and the payments described in Paragraph 9 of this stipulation, plaintiffs  Julie Reikko and Robert Marshall agree that upon notification that the settlement check is ready for delivery, they will deliver to defendant's counsel a fully executed Stipulation for Dismissal with prejudice of C 04-3215 MEJ, Marshall v. United States.  Upon

delivery of the Stipulation for Dismissal, defendant's counsel will release the settlement check to plaintiffs' counsel.

11. Plaintiffs hereby releases and forever discharges the United States and any and all of its past and present officials, employees, agents, attorneys, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations set forth in plaintiffs' pleadings in this action.

12. The provisions of California Civil Code Section 1542 are set forth below:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiffs having been apprised of the statutory language of Civil Code Section 1542 by their attorney, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights they may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiffs understand that, if the facts concerning plaintiffs' injury and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference.

13. Plaintiffs have been informed that payment may take sixty days or more to process, but defendant agrees to make good faith efforts to expeditiously process said payment.

///
///
///
///
///
///
///
///
///

STIPULATION AND ORDER OF COMPROMISE SETTLEMENT
C 04-3215 MEJ                                                    4

14. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that the agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

Dated: 10/10/05

JULIE REIKKO
Plaintiff

Dated: 10/10/05

ROBERT MARSHALL
Plaintiff

COX & MOYER

Dated: 10/10/05

DAVID MOYER
Attorney for Plaintiffs

KEVIN V. RYAN
United States Attorney

Dated: 10/12/05

JOCELYN BURTON
Assistant United States Attorney
Attorneys for Defendant

## ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED. The Clerk of Court shall close the file.

Dated: 10/13/05

MARIA-ELENA
United States

STIPULATION AND ORDER OF COMPROMISE SETTLEMENT
( 04-3215 MEJ